**Sharon R. SMITH, Plaintiff,**

**v.**

**Caspar W. WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.**

**No. 72-C-657.**

United States District Court, E. D. Wisconsin.

Aug. 1, 1974.

---

408

Quarles & Brady by L. C. Hammond, Jr., and Ross R. Kinney, Milwaukee, Wis., for plaintiff.

William J. Mulligan, U. S. Atty., by Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1970), to review a final decision of the secretary of health, education, and welfare. The parties have filed cross-motions for summary judgment. I conclude that there exists no issue of material fact and that the secretary's decision should be affirmed since it is supported by substantial evidence.

The plaintiff is the widow of Thomas Smith, whose disability onset date represents the subject matter of this review. The secretary approved Mr. Smith's application dated August 21, 1970, for the establishment of a period of disability under 42 U.S.C. § 416(i) (1970), and for disability benefits as provided by 42 U.S.C. § 423. However, the secretary determined that the onset of Mr. Smith's disability was March 16, 1970, rather than May 14, 1968, the date urged by the plaintiff.

On March 31, 1968, Mr. Smith was hospitalized because of the sudden onset of fainting and the vomiting of blood. An electrocardiogram taken in mid-May showed that he had "athero-sclerotic heart disease with myocardial infarction." In the opinion of the Air Force doctors, his condition fell within American Heart Association classification I-B. Functional classification I describes patients with cardiac disease but without resulting limitation of physical activity. Ordinary physical activity does not cause undue fatigue, palpitation, dyspnea or anginal pain. Therapeutic classification B pertains to patients with cardiac disease whose ordinary physical activity need not be restricted, but who should be advised against unusually severe or competitive efforts.

On September 26, 1968, Mr. Smith was retired from the United States Air Force with a temporary disability rating of 70 percent. According to the plaintiff, the American Medical Association standards indicate that this 70 percent disability rating showed that he was at the uppermost limit of class III, which meant that cardiac symptoms are caused by

"walking more than one or two blocks on the level, climbing one flight of ordinary stairs, or the performance of the usual activities of daily living . . . (or) emotional stress, hurrying, hill climbing, recreation or similar activities."

At the time of his retirement, he was diagnosed as follows: "Arteriosclerotic heart disease with myocardial infarction (April, 1968) with suspected duodenal ulcer, not proven; osteo-arthritis, lumbar and cervical spine, mild; and sensorineural hearing loss, bilateral, mild." Mr. Smith initially applied for disability benefits in September, 1968.

A physical examination on November 18, 1968, resulted in the following diagnoses with respect to Mr. Smith's condition: "Heart disease, hypertensive, arteriosclerotic, coronary sclerosis and insufficiency, old anterolateral wall myocardial infarct, sinus rhythm, functional capacity grade I-B; essential hypertension." On the basis of that examination, the social security administration

decided in December, 1968, that Mr. Smith was not "disabled."

In 1968, Mr. Smith earned $335.20 in wages as a jewelry repairman, a job which he abandoned as too taxing. The following year, he earned $630 in wages as a salesman in a jewelry store; he also had gross earnings of $8,022—but realized a net loss of $165—from the sale of gems on a commission basis while working part-time as a traveling salesman. He was engaged in the latter activity until March 16, 1970, when he was hospitalized due to a second heart attack.

Between June 28 and July 2 of that year, Mr. Smith underwent a cardiac catherization and a coronary angiography. An aneurysmectomy and at least one vein graft were advised. The diagnoses were: (1) Coronary artery disease mainly of the right coronary and stenosis of the circumflex artery near its origin, and a ventricular aneurysm; (2) arteriosclerotic heart disease, congestive heart failure, angina syndrome, old myocardial infarction (1968 and 1970); (3) exogenous obesity; and (4) peptic disease. The severity of the disease present in Mr. Smith's coronary arteries was not known prior to this time. Mr. Smith died on May 21, 1971, due to a pseudoaneurysm caused by the rupture of a previously resected aneurysmal site.

■ In order for a wage earner to be found disabled under the social security act, he must have (1) a medically determinable disabling impairment (2) which deprives him of the capacity to work to the extent that he is unable to engage in any substantial gainful activity. 42 U.S.C. § 423 (1970); Broussard v. Gardner, 382 F.2d 278 (5th Cir. 1969). I conclude that the secretary's final decision, to the effect that Mr. Smith was not so disabled prior to March 16, 1970, is supported by substantial evidence on the record.

I.

■ With respect to the issue whether Mr. Smith suffered from a medically determinable disabling impairment prior to March 16, 1970, the administrative law judge relied heavily upon the 1968 I-B classification referred to at page 90 of the record. The plaintiff urges that the administrative law judge failed to address the crucial issue whether the correctness of the 1968 opinion was borne out by such factors as: (1) the Air Force 70% disability rating; (2) Mr. Smith's subsequent troubling work experience; (3) his 1970 heart attack (particularly, the results of the extensive follow-up tests and operation); and (4) his untimely death at age 47. In my opinion, the administrative law judge did not err in deciding that there existed no medically determinable disabling impairment before March 16, 1970.

II.

■ With respect to whether Mr. Smith was capable of engaging in "substantial gainful activity" prior to March 16, 1970, it should be noted that work performed during a period of disability may demonstrate such a capability. The plaintiff urges, however, that a claimant need not be totally helpless to be considered disabled within the meaning of the social security act. Prevette v. Richardson, 316 F.Supp. 144 (D.S.C.1970).

In the "disability determination" dated December 10, 1971, which constituted the initial administrative rejection of the plaintiff's claim, the following was indicated with respect to Mr. Smith's sales activities prior to March 16, 1970:

"While the earnings did not constitute SGA (substantial gainful activity) because of the loss concept, the activity indicates that the claimant had the functional capacity to engage in SGA during the period up to 3/16/70. We therefore determine that the on-set date be established at 3/16/70."

Even though he determined that "without question the claimant had heart

damage and impairments prior to March 16, 1970, and he worked or attempted to work with considerable difficulty," the administrative law judge supported the secretary's decision as to the onset date. The plaintiff suggests that as a matter of law, Mr. Smith's circumstances were entitled to something more than the administrative judge's apparent sympathy.

At 20 C.F.R. § 404.1534(b) (1973), the regulations provide as follows:

"An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity . . . ."

■ Although the examiner determined that Mr. Smith "worked or attempted to work with considerable difficulty," it was not error for him to have decided that Mr. Smith was nevertheless able to engage in substantial gainful activity. Wilson v. Richardson, 455 F.2d 304 (4th Cir. 1972). Mr. Smith's work, during the relevant period, first as a gem cutter and polisher, then as a traveling salesman, produced gross earnings in excess of $8,000; this court cannot say that such work and earnings do not constitute substantial evidence of his functional capacity to engage in substantial gainful activity. The record shows that he "performed considerable driving and other activities during this period, thus demonstrating an ability to engage in work activity despite his impairment." Action dated December 22, 1971.

Therefore, it is ordered that the defendants' motion for summary judgment be and hereby is granted.

It is also ordered that the plaintiff's motion for summary judgment be and hereby is denied.

It is further ordered that the final decision of the secretary of health, education, and welfare be and hereby is affirmed.