**Sidney M. BEASLEY, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 79–1239.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Nov. 13, 1979.

---

Bruce T. Garnett, Lewis, Mitchell & Garnett, Hot Springs, Ark., for appellant. Garnett also made rebuttal.

Larry R. McCord, U. S. Atty., Fort Smith, Ark. (argued), and Floyd Clardy, III, Asst. U. S. Atty., Fort Smith, Ark., on brief, for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Sidney M. Beasley appeals from an order of the district court [1] affirming the final

---

* The Honorable William C. Hanson, Senior United States District Judge, Southern District of Iowa, sitting by designation.

1. The Honorable Oren Harris, Senior District Judge, United States District Court for the Western District of Arkansas.

decision of the Secretary of Health, Education, and Welfare denying Beasley disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i)(1) and 423(d)(1)(A). Beasley contends that the Secretary's decision is unsupported by substantial evidence. We disagree, and affirm the judgment of the district court.

Beasley first applied for benefits on September 25, 1974. His application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. Next, an administrative law judge (ALJ) heard Beasley's claim on April 23, 1975, and on June 5, 1975, found that Beasley was not disabled. On March 4, 1976, following Beasley's request for review of that decision, the Appeals Council of the Social Security Administration remanded the case to a second ALJ. The second ALJ considered Beasley's claim de novo at a hearing held on April 27, 1976. The decision of the second ALJ denying Beasley disability benefits was adopted by the Appeals Council on December 16, 1976, as the final decision of the Secretary. Beasley then filed a petition for review in the district court. In a memorandum opinion filed January 3, 1979, the district court affirmed the decision of the Secretary.

A disability benefits claimant has the burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1)(A). The statutory definition requires a claimant to show (1) that there is a medically determinable impairment that has lasted or is expected to last twelve months; (2) that there is an inability to engage in any substantial gainful activity; and (3) that the inability is by reason of the impairment. *Stephens v. Secretary of Health, Education and Welfare*, 603 F.2d 36, 41 (8th Cir. 1979); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975); *Yawitz v. Weinberger*, 498 F.2d 956, 959 (8th Cir. 1974).

If disability benefits were disbursed or withheld on the basis of the first requirement alone, Beasley's claim likely would be approved. The evidence is uncontradicted that he has a medically established impair-

ment that has lasted longer than twelve months. Since July 1973, Beasley has suffered from recurrent episodes of thrombophlebitis. During 1974 he was hospitalized four times for his condition. At the time of his discharge from the hospital in October 1974, the diagnosis was: a history of alcoholism and documented liver disease, a pulmonary embolus, and chronic thrombophlebitis of the left leg with venous insufficiency second to obstruction of the femoral vein. In a series of reports prepared in 1975, Dr. Lawrence T. Sanders, Beasley's treating physician, concurred with the hospital's basic diagnosis. It was Dr. Sanders' opinion that the claimant was "essentially completely disabled" and that his problem would be with him the remainder of his life.

Other medical reports provide additional evidence of Beasley's condition. In January 1975, he was examined by the Veterans Administration. The diagnosis was thrombophlebitis of the left calf and a history of pulmonary embolism. Both the Veterans Administration and Beasley's former employer have given him permanent disability ratings. In 1976, Dr. Frederick B. Berry examined Beasley on behalf of the Social Security Administration. Dr. Berry determined that the claimant had postthrombophlebitic venous insufficiency of the left calf. He stated that he expected him to continue to have some swelling of his legs whenever he was active, though this was likely to be more annoying than disabling. However, Dr. Berry felt that Beasley should honor Dr. Sanders' instructions to curtail his activity.

The real question in this case is not whether Beasley suffers from an impairment, but whether, by reason of his acknowledged impairment, he is unable to engage in any substantial gainful activity. The Secretary found in the negative. We note that on this issue, neither the opinion of Dr. Sanders that Beasley is "essentially completely disabled" nor the disability ratings given him by his former employer and the Veterans Administration are dispositive. *See Janka v. Secretary of Health, Education and Welfare*, 589 F.2d 365, 369

(8th Cir. 1978); *Timmerman v. Weinberger*, 510 F.2d 439, 444 (8th Cir. 1975). Rather, the Secretary must determine whether a claimant is disabled solely under the standards of the Act. 20 C.F.R. § 404.1525. Furthermore, where there are conflicts in the evidence, as there are in this case, their resolution is the province of the Secretary and not the courts. *Janka v. Secretary of Health, Education and Welfare, supra; Timmerman v. Weinberger, supra.*

 The role of this Court on judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Secretary. 42 U.S.C. § 405(g). Substantial evidence means more than a scintilla, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 399, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Hancock v. Secretary of Health, Education and Welfare*, 603 F.2d 739, 740 (8th Cir. 1979); *Alexander v. Weinberger*, 536 F.2d 779, 784 (8th Cir. 1976). After carefully reviewing the record in the instant case, we are satisfied that it contains substantial evidence to support the Secretary's decision.

Beasley testified that he completed high school and had some college education. He has worked as a salesman, an estimator on construction jobs, and as an industrial operator for Alcoa Aluminum. While he worked for Alcoa, he also operated a small real estate business, having obtained his broker's license in 1964. After Beasley stopped working at the aluminum plant on account of his thrombophlebitis in 1973, he continued to sell real estate, albeit on a limited basis. His involvement in his real estate business figures importantly in his being denied disability benefits.

 A claimant has the burden to show an inability to perform his past occupation due to a medically determinable ailment. Once he has done so, the burden shifts to the Secretary to show that the claimant can perform some other type of substantial gainful activity. *Stephens v. Secretary of Health, Education and Welfare, supra* at 41; *Lewis v. Califano*, 574 F.2d 452, 455 (8th Cir. 1978). Beasley has met his burden insofar as his job at Alcoa is concerned. But he has failed to establish his inability to continue working as a real estate agent. At the same time, the Secretary has marshalled facts to show his capacity for substantial gainful activity in real estate and other fields.

 By his own admission the claimant functioned as a broker and a salesman on a part-time basis through June 1976.[2] The regulations of the Social Security Administration make clear that work performed on a part-time basis may be substantial gainful activity within the meaning of the Act. The fact that Beasley's work today is less gainful than it was before the onset of his impairment is immaterial. 20 C.F.R. § 404.1532(b).

 Beasley argues that his real estate activity has been too sporadic and circumscribed by his physical condition to disqualify him from receiving disability benefits. The evidence on these matters is conflicting and, in one instance, incomplete. Beasley testified that he has to interrupt his work schedule periodically to elevate his leg and refrain from standing or sitting in one place for long intervals. Dr. Sanders' instructions confirm these limitations. However, work performed in spite of limitations or with considerable difficulty may still demonstrate ability to engage in substantial gainful activity. *See Smith v. Weinberger*, 381 F.Supp. 407, 410 (E.D.Wis. 1974), *aff'd* 525 F.2d 695 (7th Cir. 1975). We believe that work persisted in even against the advice of a doctor may also demonstrate capacity for substantial gainful activity. Additionally, both the doctor

---

2. Beasley testified at the second administrative hearing on April 27, 1976 as to his continuing efforts to sell real estate. His testimony at that time is updated to June 24, 1976 by a letter which Beasley wrote to the second ALJ. In that letter he informed the judge of his final decision not to disclose his earnings from his real estate business in 1976 and he underlined the words "I have been working part time . . . ." (R. at 329).

and the claimant reported that Beasley's phlebitis improved when he wore prescribed support hose and maintained his medication regimen.

Beasley submitted his federal income tax returns for 1973, 1974, and 1975. The information contained in those returns reveals that Beasley had eight part-time sales persons working for him during part of that period of time. That the two latter returns indicate that Beasley's business made little or no profit during 1974 and 1975 is not as consequential as it might seem. The Social Security Administration accords less weight to small income or losses in determining a self-employed individual's capacity for substantial gainful activity because such earnings often reflect factors other than the claimant's work activity. 20 C.F.R. § 404.-1534(e).

There is a gap in the record as to the extent of Beasley's real estate activity in 1976, but the claimant has only himself to blame for this deficiency. Despite repeated requests by a second ALJ, Beasley steadfastly refused to disclose the amount of his earnings from his real estate business in 1976. The inference is inescapable that the income might be damaging to his claim. Significantly, 20 C.F.R. § 404.1530 provides that "[a]n individual shall not be determined to be under a disability unless he furnishes such medical and other evidence thereof as the Administration may require."

A vocational expert testified at the second administrative hearing for the purpose of establishing Beasley's skill qualifications for alternative employment. He observed that the claimant, by virtue of his experience and education, possessed skills related to a wide range of clerical jobs involving computing, classifying, and recording as well as managerial and supervisory positions. The vocational expert felt that Beasley could qualify as an office manager and as an estimator, as well as for many clerical duties. These jobs exist in significant numbers in the central Arkansas area.

Standing alone, the testimony of the vocational expert does not prove Beasley's ability to engage in substantial gainful activity. Nevertheless, the Secretary was entitled to consider his observations in evaluating Beasley's application for benefits. Taking the employment options suggested by the vocational expert into account along with evidence of Beasley's persistent efforts to sell real estate, the Secretary could reasonably conclude that the claimant's impairment fell short of disabling.

Affirmed.