Bill B. BOGARD, Appellant,

v.

Margaret HECKLER, Secretary of
Health & Human Services,
Appellee.

No. 84–2497.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1985.

Decided June 5, 1985.

Peggy S. Hedrick, Springfield, Mo., for
appellant.

Larry D. Coleman, Kansas City, Mo., for
appellee.

Before LAY, Chief Judge, McMILLIAN,
Circuit Judge, and WOODS,* District
Judge.

LAY, Chief Judge.

Bill Bogard appeals from the order of the
district court [1] granting summary judgment in favor of the Secretary of Health
and Human Services (Secretary), which denied Bogard's application for social security disability benefits. The district court
found substantial evidence on the record as
a whole to support the finding of the administrative law judge (ALJ) that Bogard
was capable of performing light work in
accordance with 20 C.F.R. § 404.1567
(1984).[2] Bogard contends the decision of

---

* The HONORABLE HENRY WOODS, United
States District Judge for the Eastern District of
Arkansas, sitting by designation.

1. The Honorable William R. Collinson, United
States Senior District Judge for the Western
District of Missouri.

2. 20 C.F.R. § 404.1567 defines light work as:
 (b) *Light work.* Light work involves lifting
no more than 20 pounds at a time with fre

quent lifting or carrying of objects weighing
up to 10 pounds. Even though the weight
lifted may be very little, a job is in this category when it requires a good deal of walking or
standing, or when it involves sitting most of
the time with some pushing and pulling of
arm or leg controls. To be considered capable of performing a full or wide range of light
work, you must have the ability to do substantially all of these activities. If someone can
do light work, we determine that he or she

the Secretary is not supported by substantial evidence on the record as a whole. Upon a review of the overall record, we agree the Secretary's decision is unsupported by substantial evidence. We therefore reverse the judgment of the district court and remand the case to the district court to enter judgment in favor of Bogard.

**Facts and Evidence**

Bogard is a 53-year-old male who has completed high school and has no additional vocational training. He worked as a natural gas serviceman for fifteen years and was a co-owner of a doughnut shop for two years. He left the gas company due to arthritis in his knees. He and his children opened a doughnut shop which closed after two years with a financial loss.[3]

Bogard claims he has severe pain in both knees due to degenerative arthritis, low back strain, depression, shoulder pain, and drowsiness from his pain medication, and therefore is no longer able to work. He underwent knee surgery in August 1983.[4]

Dr. Ash stated on February 18, 1983, that Bogard had degenerative arthritis in both knees and chronic low back strain with possible degenerative arthritis. On June 16, 1983, Dr. Michael stated that once the knee surgery was done, Bogard possibly could perform work that would not require prolonged standing or excessive squatting or crawling; but in the meantime, he considered Bogard to be totally disabled. On December 27, 1983, Dr. Duncan considered Bogard to be totally disabled.

The ALJ determined that Bogard had not been disabled for a continuous twelve-month period[5] and that the most recent knee operation would improve Bogard's condition. The ALJ further found claimant's depression, lower back pain, and

shoulder problems not to be supported by the evidence. The ALJ finally concluded that even if Bogard was disabled for a twelve-month period, he could perform "light" work.

The district court disagreed with the ALJ's finding of no severe impairment. The district court stated:

> Although claimant testified his condition had improved after the operations, he was still restricted in his activities. He could not stand or walk for extended periods without suffering pain. He supported his movements by a cane. He required medication to relieve the dull ache that he still suffered. When all of the medical reports are reviewed together, the Court must conclude that claimant has degenerative arthritis of both knees and intermittent chronic low back strain. Review of the entire record indicates that the ALJ erred in his finding of no severe impairment. This Court, upon careful review of the record as a whole finds that there is substantial evidence on the record that plaintiff has a combination of impairments which significantly restricts his ability to perform work-related activities.

The district court went on to find, however, that there was substantial evidence to show that Bogard could engage in light, sedentary work. The court based this finding on an assumption that Bogard's knees would improve and that his knee pain was not as disabling as before. The ALJ's finding that Bogard could perform "light work" was therefore affirmed by the district court.

**Discussion**

 Our basis of review is limited to whether there exists substantial evidence on the record as a whole to support the

---

can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

**3.** He owned this shop with his children, however, he did not participate in management, bookkeeping, etc. It appears that he only worked on an occasional basis.

**4.** Bogard had undergone knee surgery a few years earlier as well.

**5.** *See* 20 C.F.R. § 404.1505 (impairment must last or can be expected to last for a continuous twelve-month period). Bogard alleges that the onset of his impairment was December 19, 1982.

Secretary's decision. 42 U.S.C. § 405(g) (1982); *Clark v. Heckler,* 733 F.2d 65, 68 (8th Cir.1984); *Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir.1983). We have defined substantial evidence to include such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Russell v. Secretary of Health, Education and Welfare,* 540 F.2d 353, 356 (8th Cir. 1976). A review of the evidence convinces us the ALJ did not fully consider Bogard's allegations of pain as supported by the medical evidence, and therefore the finding that Bogard can perform light work is not supported by substantial evidence.

 The evidence is overwhelmingly clear that Bogard could not return to his previous work. Thus, the burden shifted to the Secretary to show there is other work in the national economy that Bogard could perform. *Nunn v. Heckler,* 732 F.2d 645, 649 (8th Cir.1984); *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983); *Gilliam v. Califano,* 620 F.2d 691, 693 (8th Cir.1980). The burden is on the Secretary to establish a claimant's residual functional capacity [6] by substantial evidence. *McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983). The Secretary failed to meet this burden. Neither the ALJ nor the district court substantiated the conclusion that Bogard has the residual ability to do "light work" as defined in 20 C.F.R. § 404.1567.

Substantial evidence does not exist to show Bogard was or is now capable of lifting and carrying up to twenty pounds at a time and frequently lifting or carrying up to ten pounds. The evidence shows he walks with a cane. Bogard testified he could not even stand and sell doughnuts without severe pain. Light work requires a good deal of walking, standing, and possibly pushing leg controls. The evidence does not support a finding that Bogard could perform these tasks.

**6.** Residual functional capacity is defined in 20 C.F.R. § 404.1545(a) as "what you can still do

Because we find the Secretary did not meet her burden of proving that Bogard was capable of performing light work, we reverse the district court's grant of summary judgment. There being substantial evidence in the record to support Bogard's claim of entitlement to disability benefits, we direct the district court on remand to order an award of disability benefits to Bogard for the period in question.

despite your limitations."