791 F.2d 121
 13 Soc.Sec.Rep.Ser. 385, Unempl.Ins.Rep. CCH 17,068
Virgil S. DRIGGINS, Sr., Appellant,
v.
Otis R. BOWEN, Secretary Department of Health and Human
Services,* Appellee. (Two Cases)
 Nos. 84-5049, 85-5003.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 17, 1986.
Decided May 21, 1986.
 
 Peter V. Smilde, Dallas, Tex., for appellant.
 Steven Plotkin, Chicago, Ill., and Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., for appellee.
 Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Virgil Driggins appeals from a district court order granting summary judgment to the Secretary of Health and Human Services (Secretary) in an action in which Driggins sought judicial review of the Secretary's partial denial of his application for disability benefits. For reversal, Driggins contends, inter alia, that (1) the district court erred in concluding that it lacked jurisdiction to review the Secretary's denial of Driggins' petition to reopen a previous disability decision; (2) the district court failed to consider evidence of the Administrative Law Judges' anti-claimant bias which inhered in the decision; and (3) that the Secretary's decision was unsupported by substantial evidence. We affirm.
 
 
 2
 I. BACKGROUND.
 
 
 3
 On July 8, 1974, Driggins applied for disability insurance benefits based on a disabling back injury sustained in July of 1972. After a hearing, an Administrative Law Judge (ALJ) denied Driggins' application. The Appeals Council denied Driggins' request for review and the decision became final on March 26, 1976. In August of 1977, an ALJ denied Driggins' petition to reopen the decision based on new material evidence.
 
 
 4
 On September 19, 1977, Driggins filed a second claim for disability benefits, again asserting disability from July of 1972. An ALJ awarded Driggins benefits commencing on March 3, 1977, but specifically declined to reopen the previous decision on Driggins' initial application for benefits. The Appeals Council affirmed the ALJ's decision.
 
 
 5
 Driggins appealed to the district court which concluded that it lacked jurisdiction to review the decision regarding Driggins' entitlement to benefits prior to March 26, 1976 (the date on which the Secretary's decision on Driggins' initial application became final). In addition, the district court remanded the matter to the Secretary for further proceedings. Specifically, the district court required the Secretary to take testimony from a vocational expert as to the existence in the regional economy of substantial, gainful work in which Driggins could engage considering his age, education, work experience, and limitations due to medical impairments from March 26, 1976 to March 3, 1977.
 
 
 6
 The Appeals Council remanded the matter to an ALJ who took testimony from Driggins and a vocational expert, and determined that Driggins was not disabled prior to March 3, 1977. The Appeals Council adopted the recommendation of the ALJ. Driggins again appealed to the district court, and both parties moved for summary judgment. Based on the report and recommendation of the magistrate, the district court conducted a de novo review of the record and granted summary judgment in favor of the Secretary. This appeal followed.
 
 
 7
 II. DISCUSSION.
 
 
 8
 A. ALJ Bias.
 
 
 9
 On appeal, Driggins contends that in the administrative hearings on May 18, 1979 and March 17, 1981, the ALJs displayed anti-claimant bias which denied Driggins a fair hearing of his claims and which inhered in the Secretary's decisions. Our review of the record reveals that on both occasions, Driggins received full and fair hearings, and that the ALJs demonstrated no bias against him. See Isom v. Schweiker, 711 F.2d 88, 90 (8th Cir.1983). We therefore reject this contention.
 
 
 10
 B. District Court Jurisdiction.
 
 
 11
 Driggins asserts that the district court erred in deciding that it lacked jurisdiction to review the Secretary's denial of Driggins' petition to reopen the March 26, 1976 decision. Driggins argues that under 20 C.F.R. Secs. 404.988(c) and 404.989[1] the Secretary is required to consider new evidence presented by a disability claimant at any time. Based on this interpretation of these regulations, Driggins contends that the district court has a duty to review the Secretary's decision not to reopen the claim. Moreover, Driggins argues that the principles of res judicata must be relaxed in this case to prevent injustice. We disagree.
 
 
 12
 42 U.S.C. Sec. 405(g)(1982) provides in pertinent part:
 
 
 13
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * * may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
 
 
 14
 In Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that 42 U.S.C. Sec. 405(g) "limits judicial review to * * * 'final decision[s] of the Secretary made after a hearing'." Id. at 108, 97 S.Ct. at 985. Moreover, the Court explicitly stated that section 405(g)
 
 
 15
 cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits. * * * [A]n interpretation that would allow a claimant judicial review simply by filing--and being denied--a petition to reopen his claim would frustrate the congressional purpose * * * to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.
 
 
 16
 Id. at 107-08, 97 S.Ct. at 985-86 (citations omitted). Accordingly, the Secretary's denial of Driggins' petition to reopen became final and unreviewable under the Act. In light of the express language of the Act and the Supreme Court's interpretation of it, we reject Driggins' contention that in promulgating regulations setting forth standards guiding the discretionary decision to reopen, the Secretary created a right of judicial review. Moreover, we do not believe that Driggins demonstrated that he should have received benefits for the period prior to March 26, 1976; therefore, a reopening of the decision is not required to prevent injustice. Accordingly, we conclude that the district court properly decided that it lacked jurisdiction to review the Secretary's denial of Driggins' petition to reopen the March 26, 1976 decision.
 
 
 17
 C. Whether Substantial Evidence Supports the Secretary's Decision.
 
 
 18
 Driggins contends that: (1) the objective medical evidence of record alone requires a finding of disability; (2) no substantial evidence exists to support the Secretary's finding that he had an exertional capacity to perform sedentary work; and (3) the Secretary failed to consider evidence of subjective pain. We disagree.
 
 
 19
 Judicial review of a disability decision is limited to a determination of whether substantial evidence supports the Secretary's decision. 42 U.S.C. Sec. 405(g); Bogard v. Heckler, 763 F.2d 361, 362-63 (8th Cir.1985). Additionally, based on our discussion in part B of this opinion, we limit the scope of our review to the period from March 26, 1976 through March 3, 1977.
 
 
 20
 The record evidence of Driggins' medically determined impairments do not meet or equal one of the listed impairments of 20 C.F.R., Appendix I, Subpart P Sec. 1.05 (disorders of the spine). First, substantial evidence exists to support the Secretary's finding that the medical evidence fails to establish significant deterioration of Driggins' lower back condition prior to March 1977. Further, the record reveals that during the period at issue, Driggins: (1) sought medical care infrequently, if at all; (2) underwent no active treatment; and (3) only took aspirin during the day to relieve his pain. As such, Driggins' condition failed to meet the requirements of a listed impairment.
 
 
 21
 Although the objective medical evidence reveals that after his back surgery Driggins suffered from poor flexation, tenderness in the fourth and fifth vertebrae, straight-leg raising limited to 40-50 degrees, limited range of motion, and some pain, most of the doctors believed that Driggins was capable of some degree of productive activity. However, Driggins submits that his treating physician believed that Driggins was totally disabled. In light of the conflicting medical testimony, we believe the ALJ properly rejected the testimony of Driggins' treating physician as conclusory. Smith v. Heckler, 760 F.2d 184, 187 (8th Cir.1985); Beasley v. Califano, 608 F.2d 1162, 1165-66 (8th Cir.1979). Resolution of conflicts in testimony are the province of the Secretary and not the courts. Beasley, supra, 608 F.2d at 1166. Based on the record as a whole, we conclude that substantial evidence supports the conclusion that Driggins' back injury and pain would not have prevented him from engaging in sedentary work from March 26, 1976 through March 3, 1977.
 
 
 22
 On remand from the district court, the Appeals Council ordered a supplemental hearing to determine the existence of substantial gainful employment opportunities in which Driggins could engage considering his age, education, work experience and limitations due to medical impairments. Driggins contends that at the supplemental hearing, the ALJ made no mention of the pain factor in the hypothetical question to the vocational expert and that the ALJ and vocational expert failed to consider Driggins' pain. As such, Driggins asserts that the vocational expert's testimony cannot support a finding of no disability during this time period. Again, we disagree.
 
 
 23
 This court has previously determined that "hypothetical questions posed to vocational experts must precisely set out all of the claimant's impairments." O'Leary v. Schweiker, 710 F.2d 1334, 1343 (8th Cir.1983) (citation omitted). Careful review of the record of the supplemental hearing demonstrates that although the ALJ did not specifically mention Driggins' claims of pain, the hypothetical question included all of the exertional impairments produced by the pain, according to Driggins' own testimony.[2] 2] As such, the record indicates that the vocational expert assumed, as the basis of her opinion, all of the exertional impairments claimed by Driggins. We believe that this way of asking the question gave Driggins the full benefit of his own version of the facts, and that the vocational expert's testimony constituted substantial evidence of the availability of appropriate employment for Driggins from March 26, 1976 through March 3, 1977. Thus, our review of the evidence convinces us that the ALJ fully considered Driggins' allegations of pain in light of his testimony and the medical evidence, and that the evidence fully supports the finding that he could perform sedentary work during this time.
 
 
 24
 Accordingly, we affirm the denial of benefits and the opinion of the district court.
 
 
 
 *
 Otis R. Bowen has succeeded Margaret M. Heckler, originally named as appellee in this case, as Secretary of Health and Human Services, and the court accordingly, on its own motion, substituted him as party appellee. See Fed.R.App.P. 43(c)(1)
 
 
 [1]
 20 C.F.R. Sec. 404.988 provides in part:
 A determination, revised determination, decision, or revised decision may be reopened--
 * * *
 (c) At any time if--
 (1) It was obtained by fraud or similar fault;
 * * *
 (8) It is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made * * *.
 
 
 [20]
 C.F.R. Sec. 404.989 provides in part:
 (a) We will find that there is good cause to reopen a determination or decision if--
 (1) New and material evidence is furnished;
 * * *
 (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
 
 
 [2]
 In disability determinations, it is well established that credibility findings are for the ALJ. Smith v. Heckler, 760 F.2d 184, 187 (8th Cir.1985). If inconsistencies exist in the testimony, the ALJ may disbelieve subjective testimony of pain. Id. While we believe that the ALJ's hypothetical question gave Driggins full consideration of all his alleged limitations due to pain, we note that Driggins' admission of falsifying work and tax records while working as a feed salesman in 1973 detracts from his credibility, and would entitle the ALJ to discount this testimony