**Russell MacDONALD, Appellant,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services, Appellee.**

No. 87–5249.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1988.

Decided June 30, 1988.

Brittmarie LaBissoniere, Minneapolis, Minn., for appellant.

Donald T. McDougall, Chicago, Ill., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Russell MacDonald appeals from an order entered by the District Court[1] for the District of Minnesota granting summary judgment in favor of the Secretary of the Department of Health and Human Services (the Secretary) denying Social Security disability benefits to MacDonald under 42 U.S. C. §§ 416(i), 423. For reversal, MacDonald

---

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

argues that the district court erred in entering summary judgment because the decision of the Secretary is not supported by substantial evidence. For the reasons set forth below, we affirm the judgment of the district court.

MacDonald is a forty-year old male with an eleventh-grade education. He has worked as a laborer in a saw mill, a roofing and sheet metal worker, and a grocery store carry-out person. MacDonald has not worked since August 15, 1983, when he was hurt in a work-related injury. MacDonald was dragging a heavy pallet on its side when it caught on another pallet, tipped over, caught his arm, and pulled him to the ground. MacDonald claims that the back injury he sustained precludes him from performing any substantial gainful activity.

MacDonald filed an application for Social Security Income disability benefits on June 3, 1985, on the basis of the back injury sustained.[2] His application was denied throughout the administrative review process. Following a hearing, an Administrative Law Judge (ALJ) concluded that MacDonald was not disabled because he could still perform a limited range of sedentary work. The appeals council affirmed the ALJ's decision and MacDonald sought judicial review in the district court. On February 19, 1987, a United States Magistrate[3] ruled that the Secretary's determination that MacDonald was not disabled and that there was substantial gainful activity existing in substantial numbers in the national economy which MacDonald could perform was supported by substantial evidence of record and should be affirmed. MacDonald filed his objections. On April 8, 1987, the district court adopted the magistrate's report and recommendation. This appeal followed.

On appeal, MacDonald principally contends that the ALJ improperly disregarded

his subjective complaints of pain and that he is disabled due to his back pain. MacDonald specifically asserts that the Secretary's decision is not supported by substantial evidence in several respects. He complains that the ALJ (1) improperly concluded that he is unmotivated; 2) mischaracterized evidence; (3) inadequately considered his subjective complaints of pain; (4) made his own conclusions; (5) incorrectly held that the duration requirement was not satisfied; and (6) inadequately considered his depression. MacDonald also asserts that the (7) vocational expert testimony was inadequate; and (8) that the administrative transcript contained inaudible portions.[4]

MacDonald testified at the hearing about his back problem and related pain. MacDonald testified that he has pain in his back, is unable to sleep because of pain, and has trouble with his right leg and arms; that his leg gives out, and that his condition limits his daily activities. MacDonald further testified that he is unable to help with the housework; bending bothers his lower back, hip, and leg; he has to alternate between sitting, standing, and lying down because of the pain; he is unable to drive for long periods of time; he has trouble taking care of his children and the house, and attending to his personal hygiene; he usually has to lie down at least once per day. MacDonald also testified that he does not engage in physical therapy exercises at home or take prescription pain medication, and that none of his physicians have suggested he attend a pain clinic.

The decision to deny benefits will not be disturbed unless it is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g) (1988); *Driggins v. Bowen,* 791 F.2d 121, 124 (8th Cir.1986). Substantial evidence is defined as such evidence that a reasonable person might accept as adequate to support a conclusion.

**2.** MacDonald had previously filed an application on January 24, 1985; that application was denied and not administratively appealed.

**3.** The Honorable Patrick J. McNulty, United States Magistrate for the District of Minnesota.

**4.** The Secretary contends that MacDonald raised only three objections before the district court and has thereby waived all objections not previously raised. We need not consider this argument because we hold the Secretary's decision is supported by substantial evidence regardless of the allegedly waived issues.

*E.g., Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983). Further, an ALJ may disbelieve the claimant's subjective allegations of disabling pain. *See Bolton v. Bowen,* 814 F.2d 536, 538 (8th Cir.1987).

 In evaluating subjective allegations of disabling pain, the law of this circuit requires an ALJ to fully consider: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). In evaluating the credibility of subjective complaints of pain, these guidelines require the ALJ to discuss the five factors, as well as any inconsistent objective medical evidence. *Rainey v. Bowen,* 814 F.2d 1279, 1281 (8th Cir.1987). The ALJ may discount subjective complaints if "there are inconsistencies in the evidence as a whole." *Beeler v. Bowen,* 833 F.2d 124, 127 (8th Cir.1987) (citations omitted). The ALJ, however, may not reject subjective complaints of pain solely because of a lack of objective medical evidence on the record as a whole. *Id.*

Here, the ALJ's determination that MacDonald is capable of performing a limited range of sedentary work is supported by substantial evidence. The ALJ found that MacDonald's assertion of total disability due to back pain was not credible in light of the objective medical findings, the physicians' opinions, the course of medical treatment, and inconsistencies in MacDonald's own testimony. The ALJ determined that considering MacDonald's impairment and its accompanying limitations, MacDonald still retained the residual functional capacity to perform work-related activities, except for work requiring the lifting of more than light weights, engaging in fine finger dexterity, pushing and pulling controls with his legs, excessive twisting and bending, overhead work, or work which did not permit MacDonald to alternatively sit, stand, and move about. Further, on the basis of the vocational expert's testimony that a person with such limitations can still perform substantial gainful activity, the ALJ accordingly found MacDonald not disabled within the meaning of the Act. The ALJ specifically recognized and addressed MacDonald's allegations of pain. The ALJ's credibility determination adverse to MacDonald specifically addressed evidence in the record inconsistent with MacDonald's complaints. Thus, the ALJ followed the guidelines for evaluating subjective complaints of pain under *Polaski v. Heckler,* 739 F.2d at 1322.

After review of the record before us, we hold that the ALJ's finding that MacDonald was not disabled because he could still perform a limited range of sedentary work is supported by substantial evidence on the record as a whole. The district court's order is thus affirmed.