Isiah JAMES, Jr. for Isiah JAMES, Sr., Deceased, Appellant.

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 88–1976.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1989.

Decided March 20, 1989.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Nathan K. Kobin, Baltimore, Md., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

Isiah James, Jr., appeals on behalf of his deceased father, Isiah James, Sr.,[1] the order of the district court[2] denying his father's application under section 223 of the Social Security Act, 42 U.S.C. § 423 (the Act), for disability insurance benefits for the period July 4, 1979, to June 30, 1982, the date on which James' insured status expired. We affirm the district court's finding that substantial evidence supports the conclusion that James' impairments did not prevent him from working during that period.

## I.

James received disability insurance benefits from 1974 to 1976 because of his tuberculosis. The Secretary of Health & Human Services (the Secretary) terminated James' benefits when his tuberculosis responded to treatment and went into remission. After the termination of his benefits, James sought reconsideration of the Secretary's decision and filed several additional applications for benefits, all of which were denied. The application for benefits under review here alleged disability since July 4, 1979, due to hip pain, a foot sore, the residuals of tuberculosis, and osteoarthritis of the lumbar spine. The application was denied initially and on reconsideration.

James, who was fifty-eight years old at the time his insured status expired, worked as a rough butcher for a meat packing plant during 1978 and 1979, his last two years of employment. He did not have a regular job after 1979. The record is devoid of medical evidence regarding James' condition from 1979 to 1982. James testified that his hip did hurt some in 1982 "but he could get around like everyone else." He stated that his foot started bothering him in 1984, but that he had no significant problems with his feet or legs in 1982. His only pain medication at that time was over-the-counter analgesics. Regarding his history of alcohol abuse, James stated that he quit drinking heavily in 1978 or 1979 and did not drink at all at the time of the hearing.

Throughout the hearing before the administrative law judge (ALJ), James did not emphasize any of his alleged disabilities; instead, he mentioned that he was "just getting old." He testified that he was working every day in 1979 until he was "turned off his job." He stated that others on the production line purposely made him get behind schedule. He agreed with the ALJ that he lost his job because "they just got advantage of [him]" and not because he was disabled. James testified that he got along with people in 1982 and could have worked then if he had found a job.

---

1. Isiah James, Jr., was substituted as the party in interest and continued the appeals process after his father's death on February 17, 1987.

2. The Honorable H. David Young, United States Magistrate, United States District Court for the Eastern District of Arkansas, to whom the case was transferred pursuant to the consent of the parties.

The ALJ denied James' claim. The Appeals Council sustained the ALJ, making the ALJ's decision the final decision of the Secretary. The district court affirmed, and this appeal followed.

## II.

A denial of disability benefits will not be reversed if it is supported by substantial evidence in the record as a whole, *see* 42 U.S.C. § 405(g), considering all evidence, including evidence that detracts from the ALJ's findings. *See Turpin v. Bowen*, 813 F.2d 165, 169 (8th Cir.1987). The evidence is substantial if a reasonable person could find that it adequately supports the denial. *MacDonald v. Bowen*, 850 F.2d 455, 456 (8th Cir.1988).

Our review of the record satisfies us that the ALJ fully and fairly reviewed all of the evidence that bore upon James' condition from 1979 to 1982. *See Mitchell v. Bowen*, 827 F.2d 387, 389 (8th Cir.1987). The evidence supports the ALJ's finding that although James suffered from a combination of medically severe impairments, he did not have an impairment included in the Secretary's list of impairments presumed to be so severe that they preclude substantial gainful activity, nor are they equivalent to those listed. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, Subpt. P, App. 1.

Furthermore, the evidence supports the finding that James' impairments did not prevent him from working at his previous job as a rough butcher. In making this finding, the ALJ considered both James' testimony and his medical records. The ALJ found that all of James' health problems that arose before 1979 were either cured or had responded well to treatment. James' tuberculosis, which had disabled him from 1974 to 1976, remained inactive after 1976 until his death. According to James' own testimony, his alcohol abuse had subsided by 1978 or 1979, and he had completely stopped drinking by the time of the hearing.

The ALJ properly evaluated James' complaints of pain by taking into account James' daily activities, the intensity of his pain, and the kinds of medication he was required to take. *See Rainey v. Bowen*, 814 F.2d 1279, 1281 (8th Cir.1987). James' failure to seek medical help from 1979 to 1982, as evidenced by the lack of medical records, and his use of analgesics as his only pain medication support the ALJ's finding that James retained the capacity to perform his past relevant work as a rough butcher. Accordingly, we conclude that the ALJ's conclusion that James was not disabled is supported by substantial evidence and must therefore be affirmed.

The district court's order is affirmed.