**Roy H. ISOM, Appellant,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 82–1877.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1983.

Decided June 30, 1983.

Charlene M. Debolt Seifert (argued), Dallas, Tex., J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., George W. Proctor, U.S. Atty., E.D. Ark., Little Rock, Ark., for appellee; Frank V. Smith, III, Regional Atty., Jasper C. Rowe, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., of counsel.

Murrey L. Grider (argued), Pocahontas, Ark., for appellant.

Before LAY, Chief Judge, and McMILLIAN and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

Roy H. Isom appeals from the order of the district court, the Honorable Henry Woods presiding, affirming the Secretary of Health and Human Services' (Secretary) denial of Isom's request for disability insurance benefits. We find the Secretary's decision was supported by substantial evidence on the record as a whole; we affirm.

Isom applied for disability insurance benefits on February 14, 1980, alleging that he had become unable to work on January 1, 1980.[1] The application was denied. Upon Isom's request, an evidentiary hearing was held before an Administrative Law Judge (ALJ) and the ALJ thereafter denied the application. The Appeals Council approved the denial of benefits. A petition for review was then filed in the district court.

Isom was born on February 23, 1924, and has approximately a sixth-grade level of education. He alleges disability due to back and heart trouble; he also has lung problems and breathing difficulties. He testified that his daily activities were quite limited due to his difficulty in breathing and his back pain. He has worked as a mechanic, a rolling machine operator in a factory, and as the owner and operator of a country grocery store and service station.

Medical reports from three physicians were admitted into evidence at the evidentiary hearing. One of the physicians, Dr. Thomas Benton, was Isom's treating physician; the other two, Drs. David Ducker and

Paul Baxley, were consulting physicians who examined Isom once. All three physicians generally agreed that Isom suffered from osteoarthritis, which causes low back pain, and chronic obstructive lung disease. Dr. Ducker found no cardiac disease and Dr. Baxley speculated that notwithstanding Isom's heart murmur, his chest pains were not due to cardiac disease. Dr. Benton found a heart murmur and concluded that Isom's osteoarthritis was so severe that Isom was incapable of any gainful employment.

The ALJ found that Isom had three impairments: chronic obstructive lung disease, osteoarthritis, and a heart murmur. The ALJ did not credit Isom's subjective complaints of pain, weakness, and fatigue, partially because Isom sought no medical treatment from 1972 until 1980 following his claim application. Further, Isom had engaged in a variety of daily activities, had a varied employment history, and filed his application almost simultaneously with his wife's application for disability benefits. The ALJ concluded that Isom had the residual functional capacity to perform his past relevant work and was not disabled.

Isom's primary contention is that his subjective complaints of pain were not given credence. He relies on *Northcutt v. Califano,* 581 F.2d 164, 166–67 (8th Cir.1978) and *Duncan v. Harris,* 518 F.Supp. 751, 756–59 (E.D.Ark.1980). *Northcutt* holds that the ALJ may not disregard the claimant's subjective complaints of pain simply because there is no objective evidence in support of such complaints. *Duncan* goes further and states the ALJ *must* make credibility findings when there are allegations of pain severe enough to be disabling and enumerates several factors to be considered.

The district court in the instant case found that the ALJ did not follow the *Duncan* guidelines, but did make credibility findings. The district court also noted that the medical evidence did not lend credence

---

[1] Isom had previously applied for disability insurance benefits in 1972. The application was denied at the initial stage and no appeal was taken.

to Isom's subjective complaints. We also note that there are several inconsistencies in the record that weaken Isom's credibility. For example, he testified that he could no longer go hunting and fishing and yet his wife testified he had gone fishing with his father the previous week. An ALJ may disbelieve subjective reports of pain because of inherent inconsistencies, so long as the disbelief is not based solely on the lack of objective medical findings. *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983); *see also Weber v. Harris,* 640 F.2d 176, 178 (8th Cir.1981) (ALJ gave less weight to claimant's testimony of subjective pain because claimant visited treating physician only once in three years and took no medication other than aspirin and occasionally Darvon).

 Isom next contends that the ALJ erred in not considering all of his impairments in combination. We note that the ALJ is required to consider the combined effects of unrelated impairments only if all are severe. *See* 20 C.F.R. § 404.1522 (1982). The ALJ found the lung disease to be of mild to moderate severity; the osteoarthritis to be not severe; and the heart murmur to not have prevented Isom's work activity in the past.

Isom lastly contends that he was denied an impartial and fair hearing because the ALJ demonstrated bias. This issue was not addressed by the district court and apparently was not raised in the lower court. The claim of bias is based on negative comments made by the ALJ regarding Isom's testimony that the consulting physicians spent no more than five to ten minutes examining him. The ALJ questioned Isom's credibility regarding the length of time because the medical reports indicated more thorough examinations. If there was any bias shown by these remarks we think the ALJ corrected the problem by allowing a complete record to be made. Isom was afforded a fair hearing. *Cf. Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975) (contention that combined investigative and adjudicative functions create risk of bias must overcome

presumption of honesty and integrity in adjudicators).

The Secretary's determination was supported by substantial evidence on the record as a whole. Therefore, we affirm the judgment of the district court.