Opal Maxine **SMITH**, Appellant,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Appellee.

No. 84–1752.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1985.

Decided April 11, 1985.

Ralph W. Muxlow, II, Richland, Mo., for appellant.

F.O. Griffin, Jr., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

LAY, Chief Judge.

Opal Smith, a 57 year old woman, appeals from the district court's order affirming the final decision of the Secretary of Health and Human Services (Secretary) denying Smith social security benefits. The district court found substantial evidence on the record as a whole to support the finding of the administrative law judge (ALJ) that Smith was not disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d)(1) (1982). We affirm.

**Facts**

Opal Smith suffered a back injury while working as a nurse's aide in 1982.[1] Smith required hospitalization, but responded to treatment and was discharged eight days later on July 17, 1982. On July 20, 1982, she sought disability benefits, claiming that back problems prevented her from working.[2] After initial administrative decisions adverse to Smith, a hearing was conducted on June 21, 1983, at which Smith appeared with counsel. In addition to various medical documents submitted as evidence, the ALJ heard testimony from Smith, her son Richard, and vocational expert Thomas Boyd.

Smith testified that her back pains had not lessened since her release from the hospital; that she takes medication and immerses herself in hot water at least twice a day. Smith is more comfortable standing than sitting, and if in motion, states she can stand for approximately one hour. She is able to sit thirty minutes without becoming discomforted. She further stated that she rests for an hour at least once per day, although she has trouble sleeping and averages only four hours per night. Smith testified that she lives alone, and her daughter does all but the very light household chores. Smith alleges she cannot lift, bend, or stoop, but is able to do mowing on a driven lawn mower, and does her own cooking with pots and pans located at a level at which she does not have to reach down.

Smith further testified that she had suffered a few "bad spells" since the back injury during which her pain all but incapacitates her. Smith last suffered a "bad spell" three weeks before the administrative hearing. Finally, Smith testified that her hobbies have been curtailed severely.

Her son, Richard, stated that he, his wife, and his sister do most of Smith's housework and house repair. When asked, he testified that Smith would complain of pain, although she would not describe her pains as excruciating.

The vocational expert Boyd testified that a nurse's aide is a semi-skilled job listed as light to medium work in the Dictionary of Occupational Titles. Noting that Smith had completed the eighth grade and three years of correspondence school, Boyd testified that Smith does not have marketable academic skills. Her nurse's aide training, however, could be transferred to jobs in the "light work" category.[3] The ALJ asked Boyd to assume the medical evidence would demonstrate that Smith could perform light or sedentary work. Boyd replied that she

---

1. Smith testified at the administrative hearing that her job involved lifting patients weighing up to 190 pounds. A vocational expert testified, however, that most nurse's aides do not, and cannot lift such heavy weights without assistance. Smith received Workers' Compensation and a $2,000 lump sum payment for her injury.

2. Smith also suffered from arthritis, and had missed a year of work in 1980 due to a tumor which was removed from the same hip in which the arthritis was located. She testified that despite some difficulty with walking, the pain in her hip had eased and fluctuated with the condition of her arthritis.

3. Social Security Administration regulations define light work as involving lifting occasionally up to twenty pounds, and lifting frequently up to ten pounds. Light work also involves a good deal of walking or standing, or sitting while pushing arm or leg controls. *See* 20 C.F.R. § 404.1568(b). "Sedentary work" involves lifting no more than ten pounds and sitting with occasional walking and standing. § 404.-1568(a).

would have skills to perform available jobs in these categories, such as "child care attendant," and "fast food worker such as a car hop," or unskilled sedentary jobs. The ALJ then asked Boyd to assume Smith had the symptoms she claimed to have. Boyd testified "The—the pain factor is— is a controlling factor. * * * [I]f the pain is so limiting, as I have pointed out, then she could not do the jobs that I've cited."

The medical testimony was documentary. Dr. Borja, the attending physician during Smith's July 1982 hospital stay, noted that Smith had a negative response to the straight leg raising test, but a tenderness of the lumbosacral junction. Medication and continuous heat application eliminated the back pain. Smith was diagnosed as having severe back pain secondary to degenerative disc disease. A September 23, 1982 report from Borja stated that pain from degenerative disc disease is usually long lasting, and would prevent Smith from returning to her current job as a nurse's aide.

An August 12, 1982 report from an orthopedic specialist, and a treating physician, Dr. Sundstrom, stated that Smith could walk well on her heels and toes, and "squats and arises without much complaint." The physician diagnosed Smith as having moderate osteoporosis of lumbar spine and advanced degenerative joint disease, lumbosacral joint, with a 30% loss of flexion and a 10% loss of extension. On March 18, 1983 Dr. Sundstrom stated that Smith "appears to be quite comfortable" and that she ambulated normally, with mild tenderness throughout the lumbosacral area and 80% loss of flexion. Smith was diagnosed as having "chronic low back pain secondary to lumbosacral discopathy associated with osteoporosis." On March 30, 1983, Sundstrom wrote Smith's attorney that Smith had a 10% permanent partial disability of the body as a whole.

Dr. Harmon, also a treating physician, noted that Smith had full range of motion in her back with "pain resulting from any stooping or lifting." On January 4, 1983, the doctor characterized Smith as "100% disabled in so far as stooping and lifting are involved—in other areas of employment her disability is 30%."

**Analysis**

The ALJ found that Smith had not engaged in substantial gainful activity since July 5, 1982, and that her back impairment was severe, but not listed within Appendix 1 to Subpart P.[4] The ALJ also found that Smith was incapable of performing her past relevant work. The ALJ further found Smith's "subjective complaints to be inconsistent with the medical findings, the observations of the physicians, her activities and her appearance and demeanor."

The ALJ based these conclusions on the following facts. First, the medical evidence failed to show that Smith was precluded from performing light work. Second, Dr. Harmon found Smith 100% disabled with regard to stooping and lifting, but Dr. Harmon's findings show a full range of motion on the lumbar spine and also no neurological abnormalities. These findings are inconsistent. Third, the x-rays show the bones and joints to be normal. Fourth, Smith does some driving, light cleaning, grocery shopping and drives a riding lawn mower. The ALJ concluded these factors, in addition to her demeanor at the hearing, were sufficient to justify a finding that Smith's allegations of severe pain were not credible.

The ALJ applied the Medical-Vocational Guidelines, see 20 C.F.R. § 404.1569 and rule 202.03 of table 2 in appendix 2, (the guidelines), to find that Smith was not disabled under the Social Security Act. The ALJ found that Smith's claims of pain and discomfort severe enough to prevent her

---

**4.** If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P a finding of "disabled" will be made without consideration of vocational factors. 20 C.F.R. § 404.1520(d).

from engaging in light work were not credible.

The district court agreed with the ALJ and upheld the administrative denial of benefits. The court recognized that if subjective complaints of pain are credible, the guidelines cannot be applied to determine eligibility for disability benefits. The court believed, however, that the ALJ gave due consideration to Smith's complaints of pain. The court concluded that there was a basis in the record for disbelieving Smith's claims of pain, thus binding the court to the ALJ's findings.[5]

 In a case where there exists conflicting allegations and claims, credibility findings in the first instance are for the ALJ. *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir.1983). If inconsistencies exist in the record, the ALJ is permitted to disbelieve subjective testimony of pain. *Isom v. Schweiker*, 711 F.2d 88, 90 (8th Cir.1983).

 Our basis of review is limited to whether there exists substantial evidence on the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g) (1982); *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir.1984); *Baugus v. Secretary*, 717 F.2d 443, 445 (8th Cir.1983). Substantial evidence is defined to include such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir.1976). A review of the evidence convinces us the ALJ fully considered Smith's allegations of pain in light of her testimony and the medical evidence,[6] and the finding that she can perform light work is supported by the evidence. Accordingly, we affirm the denial of benefits.

---

**5.** We note that the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984) applies to the allegations of pain in the present case. *Id.* at § 3. However, the case need not be remanded in view of the fact that the ALJ adequately considered all the evidence as to pain including the subjective statements as well as the objective evidence. *See Polaski v. Heckler*, 751 F.2d 943, 951 (8th Cir.1984) ("Cases may be remanded to the Secretary where substantial evidentiary questions remain.")

**6.** Since the ALJ fully considered the pain allegations and found them not credible, there was no error in the application of the grid.