**Theodis MILLBROOK, Appellant,**

v.

**Margaret HECKLER, Secretary of Department of Health and Human Services, Appellee.**

**No. 85–1112.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1985.

Decided Dec. 31, 1985.

Anthony Bartels, Jonesboro, Ark., for appellant.

Karen J. Behner, Dallas, Tex., for appellee.

---

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

Theodis Millbrook applied for disability insurance benefits in July of 1982, claiming that he was disabled due to heart trouble commencing April 20, 1976.[1] Millbrook's application was denied administratively and he requested a *de novo* hearing before an administrative law judge (ALJ). On January 13, 1983, a full hearing was held, at which Millbrook and his attorney appeared. The ALJ determined that although Millbrook had a disability that kept him from returning to his former work, he was still capable of performing at least sedentary work. Millbrook requested review by the Appeals Council and submitted an additional medical report with the request. The report was admitted as evidence, but the Appeals Council denied the request for review. Thus the decision of the ALJ became the final decision of the Secretary.

Millbrook appealed the decision to the district court.[2] He now appeals the district court's order affirming the decision of the Secretary. For the reasons that follow, we affirm.

**FACTS**

Millbrook was 48 years old at the time of his application and had a tenth grade education. He received no additional education or training. He had worked as a supervisor in a canning and packing plant and as an equipment mechanic.

When Millbrook was examined by Dr. Thomas in early September 1981, he gave the history of having experienced a heart attack in 1975. Millbrook stated that he continued to have chest pain when involved in activities such as working in the garden. He further stated that this pain was re-lieved by Nitrostat in approximately thirty seconds. Millbrook's blood pressure was 100/70.

In late September 1981, Dr. Jackson reported that he had treated Millbrook in 1975. This care was for left-sided headaches and left body pain. Dr. Jackson stated that he saw Millbrook in 1976 for chest pain but an electrocardiogram was normal. Millbrook's blood pressure was 160/100.

In November 1981, Millbrook was referred to Dr. Haimsohn by the S.S.A. for a consultative exam. Dr. Haimsohn reported that Millbrook's blood pressure started out at 160/110, but after Millbrook sat for a short time, his blood pressure fell to 140/100. Millbrook underwent a treadmill stress test. After five minutes, the test was terminated and there were no signs of coronary insufficiency. Dr. Haimsohn stated he would place no physical restrictions on Millbrook.

In May 1982 Millbrook was referred to Dr. Rehm by his attorney. Dr. Rehm diagnosed Millbrook with moderately severe hypertension, controlled with medication and angina pectoris. Millbrook's blood pressure was 130/80. Dr. Rehm stated he believed Millbrook's symptoms caused him to be totally disabled and that he would remain disabled. Dr. Rehm said he based this opinion on Millbrook's medical history.

Dr. Lawrence reported that he began seeing Millbrook after he had been diagnosed with cardiovascular disease. In August 1982 Dr. Lawrence reported that Millbrook had no evidence of myocardial infarction while in Jonesboro. He stated further that Millbrook had done fairly well and had been active and able to do yard and garden work. Dr. Lawrence stated that Millbrook was not severely limited by chest pain. Dr. Lawrence further reported that Millbrook continued to have hypertensive disease and

1. Millbrook had a previous period of disability which the Social Security Administration determined stopped in November 1981. Millbrook did not file a request for reconsideration within sixty days after he received notice of termination, nor did he state any reason for not doing so. 20 C.F.R. § 404.909 (1985). The dis-trict court stated that the determination was not appealed and thus disability prior to that time was not before that court.

2. The Honorable C. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

was continuing treatment for that. Dr. Lawrence said that there was nothing objective to support the diagnosis of cardiovascular disease other than the fact that Millbrook had intermittent chest pain.

A report from Dr. Ashley dated in March 1983 was admitted to the record after the ALJ's decision. The district court stated that Dr. Ashley's findings were consistent with those in the other medical reports. Dr. Ashley stated that he did not have the results of the treadmill stress test, but after his examination, he said he believed the test was probably negative. He concluded that Millbrook's hypertension was well controlled. He finally noted that Millbrook was probably disabled due to angina.

## DISCUSSION

On the basis of the above evidence and Millbrook's testimony, the ALJ found that Millbrook was unable to return to his previous work but was not disabled within the meaning of 42 U.S.C. § 423(d) (1982) of the Social Security Act.[3]

If a claimant cannot perform relevant past work, the question becomes whether he can do other jobs that exist in the national economy, despite his impairment which prevents return to his previous work. *McCoy v. Schweiker*, 683 F.2d 1138, 1142 (8th Cir.1982). The ALJ must then determine the claimant's residual functional capacity,[4] *id.*, and find that his residual functional capacity, age, education, and work experience suit him for some job that exists in the national economy. *Id.* at 1147. Where the Guidelines apply, they establish that jobs exist for certain kinds of people. *Id.* The Social Security has classified jobs in the national economy as sedentary, light, medium, heavy, and very heavy. When a person is able to perform the jobs of a classification on a sustained basis despite a physical impairment, he is said to have a residual functional capacity to do that type of work. The ALJ found that Millbrook had the residual functional capacity for the full range of sedentary[5] work under section 404.1567(a) of the Social Security regulations. "If the ALJ's findings as to [residual functional capacity], age, education, and work experience fit any of the combinations of those criteria contained in the Tables in Appendix 2 to Part 404, then the ALJ must reach the conclusion (either 'disabled' or 'not disabled') directed by the relevant [r]ule * * *." *Id.* at 1142. The ALJ used the Medical Vocational Guidelines[6] which apply to persons with a residual functional capacity to do sedentary work in the age bracket of 45–49, with limited or less education and with skilled or semi-skilled work experience. He determined that Millbrook was not disabled under the Social Security Act and was able to engage in substantial gainful activity.[7]

Use of these Guidelines is appropriate if the ALJ explicitly discredits subjective allegations of pain for a legally sufficient reason. *Johnson v. Heckler*, 744 F.2d 1333, 1338 (8th Cir.1984). "One of the legally sufficient reasons for discrediting subjective allegations of pain is the presence of inconsistent evidence in the record." *Id.; see also Pryor v. Heckler*, 737 F.2d 1488, 1490 (8th Cir.1984). "If inconsistencies exist on the record, the ALJ is permitted to disbelieve subjective testimony of pain." *Smith v. Heckler*, 760 F.2d 184, 187 (8th Cir.1985). Although Millbrook testified about disabling pain, his

---

3. Disability is defined under 42 U.S.C. § 423(d)(1)(A) of the Social Security Act as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

4. Residual functional capacity is what one can do despite one's limitations. 20 C.F.R. § 404.-1545(a) (1985).

5. Sedentary work involves lifting no more than ten pounds and sitting with occasional walking and standing. 20 C.F.R. § 404.1567(a) (1985).

6. 20 C.F.R. § 404.1569 (1985); 20 C.F.R., Part 404, Subpt. P, Appendix 2, § 201.19 (1985).

7. Substantial gainful activity is defined in 20 C.F.R. § 404.1572(a), (b) (1985) as work activity that involves doing significant physical or mental activities (substantial) and that is generally done for pay or profit (gainful).

complaints were not found to be credible. The ALJ based this finding on the lack of objective medical data to support the degree of pain alleged as well as inconsistencies between Millbrook's testimony and other evidence of record. One of the specific inconsistencies mentioned was Millbrook's testimony that he experienced a heart attack in January 1982. This testimony was contradicted by Millbrook's treating physician who stated that there had been no evidence of a myocardial infarction since Millbrook had been in Jonesboro. The ALJ also noted that Millbrook's daily activities [8] were inconsistent with his alleged limitations. We may not overturn a credibility determination by the ALJ which is supported by substantial evidence on the record. *Johnson v. Heckler, supra,* 744 F.2d at 1338. We find that there is substantial evidence on the record as a whole to support the ALJ's findings.

In this case there are two physicians who have reported that Millbrook is disabled. These physicians were consulting physicians and saw Millbrook only once. Millbrook's treating physician reported that he had done well and continued to be active. The ALJ considered the report of the treating physician along with the lack of objective findings in the reports of the consulting physicians and placed greater weight on the treating physician's report. "[T]he report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Hancock v. Secretary of the Department of Health, Education and Welfare,* 603 F.2d 739, 740 (8th Cir.1979) (other citations omitted).

Where there are conflicting claims and allegations, it is for the ALJ to make credibility findings. *Smith v. Heckler, supra,* 760 F.2d at 187; *O'Leary v. Schweiker,* 710 F.2d 1334, 1342 (8th Cir.1983).

Thus, the ALJ properly relied on the Medical Vocational Guidelines in determining that Millbrook was not disabled under the Social Security Act. Millbrook argued that a vocational expert witness was required in this case. In cases where the Guidelines apply, they eliminate the need for the Secretary to call a vocational expert witness. *McCoy v. Schweiker, supra,* 683 F.2d at 1148.

On review we are to determine whether there is substantial evidence on the record as a whole to support the Secretary's decision. *Smith v. Heckler, supra,* 760 F.2d at 187 (citations omitted). "Substantial evidence is defined to include such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.; see also Russell v. Secretary of Health, Education and Welfare,* 540 F.2d 353, 356 (8th Cir.1976). A review of the evidence convinces us that the ALJ fully considered Millbrook's allegation of pain in light of his testimony and the medical evidence, and the finding that he can perform sedentary work is supported by the evidence. Accordingly, we affirm.

---

**8.** Daily activities included walking a mile, doing yard work, and working on cars.