**Ida M. HARDIN, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 85–2193.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1986.

Decided July 17, 1986.

Leffel Gentry, Little Rock, Ark., for plaintiff-appellant.

Mary Gludt, HHS, Baltimore, Md., for defendant-appellee.

Before GIBSON and FAGG, Circuit Judges, and SWYGERT, Senior Circuit Judge.[1]

SWYGERT, Senior Circuit Judge.

On March 31, 1982 Ida Hardin filed an application for disability insurance benefits under the Social Security Act. In her application Ms. Hardin alleged that she became unable to work on October 29, 1981. She was examined by a physician and a disability examiner. After her application was denied by the Social Security Administration, she requested a hearing before an administrative law judge. On July 21, 1983 the administrative law judge found that Ms. Hardin was not disabled, and on September 26, 1983 the Appeals Council affirmed that decision. Thereafter, Ms. Hardin filed suit in the United States District Court for the Eastern District of Arkansas pursuant to 42 U.S.C. § 405(g). On August 6, 1985 the district court affirmed the decision of the Secretary.

Ms. Hardin is fifty-one years old and has a tenth grade education. She has never married, has three adult children, and two grandchildren who live with her. She received $116.00 a month in welfare payments for her grandaughter and $199.00 a month in food stamps. She claims to have injured her back and shoulders in October 1981 while working at a local food processing plant. She testified that she has a nervous condition which is triggered by loud noise and interferes with her memory. She claims to have black-out spells. If she has to bend down she gets headaches, cramps, and spasms. A previously broken tail bone interferes with her ability to sit. Her legs weaken after standing for more than twenty minutes. She can only walk two blocks. She testified that on a typical day she rises at 4:00 a.m., takes a bath, has breakfast, and watches television in her bedroom for most of the day. She takes

several medications including Rufen, Zomax, and Tofranil.[2]

The medical evidence submitted in this case is extensive. Dr. Harold Chakales, an orthopedic surgeon, submitted a report on January 6, 1981 noting that appellant had developed lower back and neck pain when she twisted her back at work. His evaluation revealed tightness in the cervical and lumbar spine with a restriction of 20–30%. In a report dated February 3, 1982 Dr. Chakales stated that Ms. Hardin had been admitted to St. Vincent's Infirmary where multiple diagnostic studies were done. These studies confirmed that Ms. Hardin had suffered an injury to her back. Dr. Chakales also identified a hysterical personality disorder. At that time Dr. Chakales stated that he was going to release Ms. Hardin to return to light work and that attempts to rehabilitate her should be made. Dr. Chakales concluded that she could do anything sedentary. In a report dated April 16, 1982 Dr. Chakales stated that the appellant had a physical impairment of 10–15% of the cervical spine and to the body as a whole. X-rays revealed a straightening of the cervical lordosis, and a restriction of motion of the neck. In a final report, dated November 8, 1982, Dr. Chakales recorded an improvement in Ms. Hardin's condition, and indicated that surgical intervention would be unnecessary.

Dr. Henry Good, a psychiatrist, examined Ms. Hardin on January 19, 1982 when she was hospitalized at the St. Vincent Infirmary and on several subsequent occasions. Dr. Good submitted a report on June 11, 1982 in which he indicated his belief that Ms. Hardin was depressed with a severe hysterical personality. She has no delusions or hallucinations.

Dr. Williams Owens examined Ms. Hardin at the request of the Social Security Administration. He found one hundred percent range of motion of the cervical and thoracic spines and one hundred percent range of motion of the extremities. Dr.

1. The Honorable Luther M. Swygert, United States Senior Circuit Judge for the Seventh Circuit, sitting by designation.

2. Ms. Hardin's medical difficulties predate the filing of this action. We are, of course, concerned only with those injuries relevant to her March 31, 1982 application for benefits.

Owens attributed motion limitations in the lumbar spine area to poor effort.

The administrative law judge concluded that Ms. Hardin's complaints were not credible and that the medical evidence and the plaintiff's demeanor were incompatible with her claim of disability. An administrative law judge is permitted to disbelieve subjective testimony of pain. *Millbrook v. Heckler,* 780 F.2d 1371, 1373 (8th Cir.1985). An administrative law judge's credibility determinations will not be overturned if they are supported by substantial evidence. *Johnson v. Heckler,* 744 F.2d 1333, 1338 (8th Cir.1984). "Substantial evidence is defined to include such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Smith v. Heckler,* 760 F.2d 184, 187 (8th Cir.1985). This is a close case, but we are unable to say that a reasonable person could not conclude, on the basis of the evidence presented, that Ms. Hardin was not disabled as that term is defined in the Social Security Act. *See* 42 U.S.C. § 423(d)(1)(A).

The district court is

AFFIRMED.