**Donald E. BUCKLER, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 88–1245.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1988.

Decided Nov. 1, 1988.

N.E. Brown, St. Louis, Mo., for appellant.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

Donald E. Buckler appeals from the district court's[1] order affirming the decision of the Secretary of Health and Human Services (Secretary) denying Buckler's application for disability benefits under 42 U.S.C. § 416(i). We affirm.

Buckler was born in November 1926, graduated from high school, worked as a letter carrier for the United States Postal Service from 1949 to 1980, and had some experience showing real estate during the sixties and seventies. Buckler has a medical history of degenerative disc disease and herniated disc, and underwent disc fusion operations in 1974 and May 1982. In June 1980, he left his job as a letter carrier at the suggestion of his treating orthopedic physician, Dr. Russell. He filed this application in June 1982, alleging disability since November 1981. Despite his operations, Buckler alleges that he continues to suffer back pain, stiffness, and soreness, radiating into his left hip and leg, which he claims prevents him from performing any type of work. He last met the insured status requirements at the close of December 1983.

Buckler was found not disabled after an administrative hearing in August 1983. On review, the district court determined that the medical records did not constitute sufficient current medical evidence on Buckler's condition, and remanded the case for consideration of additional medical evidence. On remand, the case was referred to a different ALJ who conducted a supplemental hearing in October 1985.

In summary, Buckler testified that he was "never without pain," the pain severely restricted his movements and activities, he could not drive for more than two hours, and he had to wear a brace if he drove more than an hour. However, he drove frequently during the summer. He could walk only on flat hard surfaces, could not maneuver stairs, often wore an ankle brace, walked with a cane, could not sit for prolonged periods of time, could not bend or stoop, and suffered leg spasms. He could no longer bowl, hunt, or do yard work. He did light chores, went for walks regularly, and went out to eat occasionally.

[1]. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

In 1985, Buckler and his wife testified that his ability to hear had steadily worsened since the 1983 hearing. They currently live in Texas during the winter months, reportedly on the advice of Dr. Russell. Buckler continues to drive, and a month before the hearing drove to the Ozarks. He currently takes prescription-strength Motrin and Ascriptin.

Medical evidence included a functional capacity report dated June 1982, one month after Buckler's last operation, and a report by Russell who examined Buckler in August 1982 and diagnosed him as "having no motion in his lower back as it is stiff from post-operative fusion," and as suffering from complete left foot drop, but otherwise noting a full range of motion. He noted Buckler was convalescing from his operation but described him as "totally disabled now and in the foreseeable future." Russell reaffirmed this diagnosis in reports dated June 1983 and May 1985. However, with his May 1985 report, Russell submitted a functional capacity report indicating that in an eight-hour day, Buckler could sit four hours, stand four hours, walk one hour; could lift ten pounds frequently; twenty-five pounds occasionally; had unrestricted use of his hands; could not bend or squat; could occasionally crawl, climb, or reach; was mildly restricted in his ability to drive automotive equipment; and was restricted in his ability to use leg controls.

A consulting audiologist's report, dated October 24, 1985, was also submitted indicating Buckler suffers from a bilateral, high frequency, sensorial hearing loss, with a moderate conductive loss in his left ear. Surgery was recommended to improve the hearing, but no mention was made of a hearing aid.

Vocational experts present at both hearings classified Buckler's past jobs as medium to light, semi-skilled work, and testified that Buckler had acquired a number of skills that were readily transferable to sedentary work. In response to hypotheticals, both experts testified there were numerous jobs Buckler could perform, including cashier, dispatcher, telephone operator, parking lot attendant, small package window clerk,

counter clerk, apartment rental manager, and retail clerk where traffic flow and number of customers is small. After the 1985 hearing, the ALJ submitted interrogatories inquiring more specifically about the nature of Buckler's transferable skills. Buckler submitted objections to the expert's response, and a handwritten statement indicating he was unable to discern the ALJ's opening statement or the expert's testimony.

After considering all of the testimony and evidence from both hearings, the ALJ found that severe residual effects of his surgeries and a mild hearing impairment prevented Buckler from returning to his past relevant work as a letter carrier. He acknowledged the shift in the burden; reviewed the hypotheticals posed to the expert; and specifically noted the expert's consideration of Buckler's hearing impairment. He discredited Buckler's allegations of totally disabling pain as being contradicted by his daily activities. He noted the contradiction between Russell's conclusion that Buckler was totally disabled and his functional capacity analysis, noting that Russell knew of Buckler's previous work as a letter carrier and that there was no question he is totally disabled insofar as performing his prior occupation.

The ALJ concluded that Buckler retained the residual functional capacity for the full range of light work reduced only by his inability to stand or walk throughout the day, and the capacity for a full range of sedentary work. Based on the vocational expert's testimony, the ALJ concluded Buckler could engage in alternative substantial gainful employment.

The Appeals Council modified the ALJ's finding that Buckler retained the residual functional capacity for a full range of sedentary work, finding instead that Buckler's impairments limited him to sedentary work permitting a change of position and requiring no left foot controls, and that his hearing impairment limited him to work not involving excessive background noise. Even so, the Appeals Council concluded that Buckler's capacity for a wide range of sedentary work had not been significantly

compromised by his additional limitations, and affirmed the finding of no disability.

The district court affirmed, and Buckler filed a timely appeal arguing, *inter alia*, that the ALJ erred in discrediting his complaints of pain and his hearing impairment, and in failing to incorporate all of Buckler's impairments in the hypothetical.

Judicial review of disability determinations is limited to assessing whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g) (Supp. III 1985). This review requires more than a search for the existence of substantial evidence supporting the Secretary's decision, but rather must take into account evidence which fairly detracts from its weight. *Piercy v. Bowen*, 835 F.2d 190, 191 (8th Cir.1987).

 In evaluating a claimant's subjective allegations of pain, the ALJ must decide if the claimant's complaints are consistent with his or her prior work record and the observations of third parties and examining physicians regarding the claimant's daily activities and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted). The ALJ may disbelieve a claimant's allegations of pain, but credibility determinations must be supported by substantial evidence. *See Hardin v. Heckler*, 795 F.2d 674, 676 (8th Cir.1986). Moreover, in making credibility determinations, the ALJ must set forth the inconsistencies in the record that lead him to reject the claimant's complaints. *See Douthit v. Bowen*, 821 F.2d 508, 509 (8th Cir.1987).

 In discrediting Buckler's allegations of pain, the ALJ, as required by *Polaski*, identified specific pieces of contradictory or inconsistent evidence, such as Russell's functional capacity report, the limited use of prescription medications, infrequent visits to the doctor, and Buckler's testimony as to his daily activities which, although restricted, are consistent with his ability to do sedentary work. We find no error.

 Similarly, the ALJ considered in detail Buckler's testimony regarding his hearing impairment and the audiologist's re-port, noting that Buckler's hearing problem has been present for at least forty years, he had no observable problems answering questions posed to him, he responded thoroughly and appropriately, and he did not indicate he could not hear the proceedings. The ALJ concluded the hearing loss imposed some restriction, and incorporated this finding into the hypothetical posed to the vocational expert.

We have reviewed the record and find it substantially supports the ALJ's conclusion that Buckler's hearing loss is only mildly restricting. Although both Buckler and his wife testified that his hearing had become progressively worse, the issue is how severe Buckler's hearing impairment was prior to the expiration of his insured status in December 1983. Buckler did not mention any hearing problem in the 1983 hearing, and there is little evidence in the record concerning Buckler's alleged hearing impairment prior to 1985.

 Finally, Buckler argues that because the Appeals Council modified the findings of the ALJ by recognizing further limitations on Buckler's capacity to perform sedentary work, the vocational expert's testimony, which did not take these additional limitations into account, does not constitute substantial evidence to support the ALJ's (or the Appeals Council's) finding of substantial available employment. We disagree. Both experts considered Buckler's inability to sit or stand for an entire workday, and the second expert specifically considered his need to avoid excessive background noise. Neither expert considered Buckler's inability to operate left foot controls; however, none of the jobs listed by the experts appears to require such an ability. Accordingly, remand is unnecessary, as the record contains substantial evidence supporting the finding that Buckler retains the residual functional capacity to perform available sedentary work despite his back and hearing problems. Buckler's remaining arguments are without merit.

The district court order is affirmed.