34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Joy C. McIVER, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-1241.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 10, 1994.
Filed: August 31, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joy C. McIver appeals from the final order entered in the District Court[1] for the Eastern District of Missouri, affirming the decision of the Secretary of Health and Human Services to deny McIver's application for disability insurance benefits and supplemental security income. For the reasons discussed below, we affirm.
 
 
 2
 McIver, born May 1, 1936, applied for benefits in September 1990, alleging she was disabled as a result of arthritis and back pain. Her applications were denied initially and upon reconsideration. At McIver's request, an Administrative Law Judge (ALJ) conducted a hearing, at which McIver appeared with counsel.
 
 
 3
 At the September 1991 hearing, McIver testified that she was 5'5" tall, weighed 165 pounds, completed the tenth grade, drove a car occasionally, and had been employed as an office manager for a title insurance company for about fifteen years until August 1990, when the office closed. McIver stated she can walk fifty feet with a cane, stand for only three or four minutes, bend over and touch her knees, hold onto small objects, sit for twenty minutes, pull and push, walk up stairs very slowly, raise her arms over her head, and lift one-half pound. She watches television all day and reads for about one hour; she can care for her personal needs, but her children must clean her house. She explained a discrepancy between her testimony and an August 1990 disability report she filed with the agency-in which she had written that she could do certain light chores-by stating that the report was one year old and she could no longer do any cleaning. She stated she has had severe, sharp, throbbing pain above her waist since 1985; the pain radiates down her left leg; her thumbs, wrists, knees, and ankles hurt; even holding a pencil sometimes hurts; and she takes only over-the- counter pain medications but they do not help. She has little stamina; she does not enjoy talking on the phone because of her depression; and she has more difficulty making decisions. Sidney Kleg, a longtime friend of McIver's, testified that McIver's energy level has dropped considerably in the last year, her concentration has decreased, and she has difficulty remembering.
 
 
 4
 The vocational expert (VE) testified that McIver's past relevant work was considered skilled and sedentary; if her testimony was found to be entirely credible, there would be no jobs she could perform. If he considered that she could walk, stand, and sit for six to eight hours with normal breaks, and that her pain was at most mild or moderate and would not significantly interfere with her ability to remember, concentrate, or follow instructions, the VE stated that McIver could return to her job as an office manager or to other similar jobs in the national economy.
 
 
 5
 The documentary evidence in the record included a May 1991 letter from McIver's treating neurosurgeon, stating that McIver suffered from a spondylitic condition of the lumbar spine due to long-standing degenerative disease, and that she will have ongoing low back pain with frequent exacerbations and remissions. In August 1991, the physician wrote that McIver's condition was an "arthritic-like wear and tear type" of slowly progressive condition, that she will have few symptoms other than bouts of back pain, and that her condition should not interfere with her employability. He also stated that many of McIver's symptoms were difficult to relate to her back condition.
 
 
 6
 A psychiatrist diagnosed McIver in August 1991 with major depressive disorder, and concluded that her moderate depression alone was not disabling, but that in combination with her arthritis, she would be unable to function in any gainful employment. The Secretary's consultative psychiatrist diagnosed McIver with mild secondary depression, mild degenerative osteoarthritis, moderate obesity, and somotoform disorder. He commented that the physical findings in the medical evidence did not justify the intensity and frequency of her somatic complaints. He rated her ability to make performance, personal-social, and occupational adjustments generally as good.
 
 
 7
 The ALJ concluded that on the basis of McIver's degenerative arthritis of the lumbar spine and osteoporosis and her mild and situational depression, McIver could return to her past work as an escrow officer. Noting discrepancies between her testimony and her August 1990 disability report about her daily activities; her lack of medication; her ability to concentrate to read and play word games; and her steady work record, the ALJ concluded that McIver was not credible, and that her discomfort from her arthritis would not be exacerbated to a disabling degree by the demands of her past sedentary work. Thus, she was not disabled. The Appeals Council denied further review, and McIver sought judicial review. The district court granted the Secretary summary judgment, concluding the Secretary's decision was supported by substantial evidence.
 
 
 8
 This court must affirm if substantial evidence on the record as a whole supports the Secretary's decision. Russell v. Sullivan, 950 F.2d 542, 544 (8th Cir. 1991). Although the ALJ may not reject subjective complaints solely because of a lack of objective medical evidence on the record as a whole, the absence of objective medical evidence which supports the degree of severity is a factor to be considered by the ALJ. Beeler v. Bowen, 833 F.2d 124, 127 (8th Cir. 1987); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). The ALJ's disbelief of a claimant's allegations of pain must be supported by substantial evidence. Buckler v. Bowen, 860 F.2d 308, 311 (8th Cir. 1988).
 
 
 9
 We agree that the Secretary's decision is supported by substantial evidence on the record as a whole. Notwithstanding evidence of a progressive worsening, the medical evidence as of August 1991 generally indicated mild degenerative arthritis of the spine. Although several of the medical opinions noted her chronic pain, they could not correlate the magnitude of McIver's subjective complaints with the objective medical findings. Specifically, McIver's treating physician, whose opinion is entitled to substantial weight, see Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992), concluded he could not relate many of her symptoms to her back condition and noted her condition was slowly progressive.
 
 
 10
 McIver argues that the ALJ did not properly evaluate her subjective complaints. We disagree. The ALJ properly noted McIver's work record, daily activities, medication history, lack of functional restrictions, and ability to concentrate. Because her past relevant work was sedentary, there is no indication that the physical requirements were beyond her limitations. We cannot say that the ALJ gave too little weight to Kleg's lay testimony.
 
 
 11
 Finally, McIver asserts that the ALJ failed to develop the record and should have submitted interrogatories to all examining physicians to resolve the substantial difference in medical opinion. Because any disagreement related to the disability conclusion, not the underlying impairments, the ALJ did not err in relying on McIver's treating physician's opinion. Thus, no medical interrogatories were required.
 
 
 12
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri