### Beverly MOLLOY, Plaintiff,

v.

### Kenneth S. APFEL, Commissioner of Social Security, Defendant.

#### No. Civ. 4–98–CV–10638.

United States District Court,
S.D. Iowa,
Central Division.

Oct. 14, 1999.

Danny C. Wilmoth, Legal Services Corp of IA, Des Moines, IA, for Beverly Molloy, plaintiff.

Christopher D. Hagen, Asst. U.S. Attorney, Des Moines, IA, for Commissioner of Social Security, Agent Kenneth Apfel, defendant.

## ORDER

LONGSTAFF, Chief Judge.

Plaintiff seeks review of the Commissioner of Social Security's decision denying her supplemental security income benefits ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decision of the Commissioner.

## I. PROCEDURAL HISTORY

Plaintiff Beverly Melloy, age 45 on the date of the hearing, applied for disability benefits on December 18, 1995, alleging disability since November 11, 1995. She was denied benefits and a reconsideration of that decision. On November 18, 1996, the claimant filed a timely request for hearing before an Administrative law Judge ("ALJ").[1] A hearing was held on

---

1. Plaintiff in her application for benefits originally claimed her disability was alcoholism.

Tr. 131. Then, upon requesting a hearing

March 12, 1997. In a written decision dated July 16, 1997, the ALJ found plaintiff was not under a disability as defined by the Act and denied her application. On September 25, 1998, the Appeals Council issued a decision again denying benefits. The decision of the ALJ thus stands as the final decision of the Commissioner. Thereafter plaintiff commenced this action for judicial review.

## II. FINDINGS OF THE COMMISSIONER

The ALJ found the medical evidence to establish that plaintiff has "severe depression, anxiety and mid thoracic vertebral body wedge compression fracture with complaints of pain and arthritic changes to the lumbar spine and substance abuse." Tr. 24. However, the ALJ went on to find that "she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Tr. 24. Further, the ALJ stated the plaintiff "would not be disabled if she stopped using drugs and alcohol." Tr. 25.

The ALJ considered the residual functional capacity ("RFC") of the plaintiff, without considering her substance abuse, and found she was limited to:

> lifting no more than 20 pounds occasionally and 10 pounds frequently, standing no more than two hours at a time for a total of 7 hours in an 8 hour day, walking two blocks, having no limitations with regard to sitting, being limited to a low stress level job at no higher than a level of three on a progressive scale of one to ten, being in a job which would require no contact with the general public and limited contact with fellow workers.

Tr. 24. The ALJ then accepted the vocational expert's ("VE") testimony that the plaintiff is unable to return to her past relevant work as a dishwasher, telemarketer, survey interviewer or sales clerk. Tr. 25. However, the ALJ concluded that

there are jobs which exist in significant numbers in the national economy which the plaintiff is capable of performing. The ALJ cited motel laundry or housekeeper and laundry folder as examples. *Id.*

## III. APPLICABLE LAW & DISCUSSION

### A. Legal Standard

 A court must affirm the decision of the Commissioner if substantial evidence on the record as a whole support the decision. 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Johnson v. Chater,* 108 F.3d 942, 943 (8th Cir.1997). A court must take into account "whatever in the record fairly detracts from the decision." *Kelley v. Callahan,* 133 F.3d 583 (8th Cir.1998). "The denial of benefits shall not be overturned merely because substantial evidence exists in the record to support a contrary decision." *Fenton v. Apfel,* 149 F.3d 907, 911 (8th Cir.1998) (citation omitted). "When evaluating contradictory evidence, if two inconsistent positions are possible and one represents the [Commissioner's] findings," a court must affirm. *Id.* (citations omitted).

### B. Plaintiff's Substance Abuse

Congress amended the Social Security Act to eliminate alcoholism or drug addiction as a basis for obtaining disability insurance benefits or SSI. *See Newton v. Chater,* 92 F.3d 688, 696 n. 3 (8th Cir.1996) (citing Contract with America Advancement Act of 1996, Pub.L. No. 104–121, 110 Stat. 847, 852–53 (amending 42 U.S.C. § 423(d)(2)(C))). The amendment states that a person is precluded from receiving disability benefits after January 1, 1997, if drug addiction or alcoholism was a "contributing factor material" to the Commissioner's determination that an individual is disabled. 110 Stat. at 852. The regula-

---

before an ALJ, the Plaintiff alleged, "I am disabled due to a mental disorder (post tra-

matic [sic] disorder). Not alcoholism." Tr. 80.

tions interpreting this amendment state that "[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535, 416.935. Further, if the Court finds "physical and mental limitations ... would remain if [the plaintiff] stopped using drugs or alcohol [it is] then [to] determine whether any or all of [the plaintiff's] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2) (cited in *Jackson v. Apfel*, 162 F.3d 533, 537 (1998)).

Plaintiff argues the ALJ erred in finding the plaintiff's substance abuse problems material to a finding of disability, and that rather there is enough evidence in the record to show that plaintiff "has these psychological or psychiatric problems independent of her alcohol abuse." Plaintiff's Brief, at 9. However, the Court notes there is evidence in the record to justify the ALJ's conclusion that the plaintiff's substance abuse is a contributing factor to the plaintiff's disability allegations. Ronald R. Berges, D.O., examined the plaintiff and prepared a report entitled "Outpatient Psychiatric Evaluation For Disability Determination" on January 31, 1996. In it, Dr. Berges found that:

> [s]he does not appear to be psychiatrically disabled. I would recommend continued educational enhancement, and/or vocational retraining, as well as maintaining abstinence from alcohol and/or other mood altering substances. If she were awarded any benefits I would recommend a custodial payee so that she might not squander her benefits on alcohol or drugs should she relapse.

Tr. 258. Greg D. Cohen, D.O., a treating physician for the plaintiff, in a report dated January 11, 1996, found that the plaintiff's "[h]istory of alcohol and drug abuse

[is] leading to increasing panic disorder now that she is off alcohol." Tr. 238.

Beyond the medical reports, the evidence before the ALJ significantly indicated that alcohol was a contributing factor to the plaintiff's alleged disability. The transcript shows plaintiff has a long history of substance abuse, stretching back at least over the past two decades. *See, e.g.*, Tr. 162, 165, 177, 181, 203, 210, 221, 233. Plaintiff originally filed for disability benefits in late 1995, alleging alcoholism as the reason she could not work. On July, 4 1996 plaintiff was picked up on her third OWI charge. Tr. 266; Defendant's Brief, at 10. Clearly, there was substantial evidence in the record to lead the ALJ to conclude that the plaintiff's history of substance abuse contributed to a disability determination.[2]

However, the Court recognizes that it is difficult to determine whether plaintiff's alcohol is a contributing material factor to any disability determination. Further, the Court notes that in *Jackson* the Eighth Circuit stated that the regulations "may prove difficult to apply when a claimant has not, in fact, stopped using drugs or alcohol. Fortunately, we do not face that problem in this case." *Jackson*, 162 F.3d at 537. This Court does face that problem in the matter at hand as Melloy has admitted to drinking for at least a short period during the relevant adjudicatory time. *See also McCall v. Apfel*, 47 F.Supp.2d 723 (S.D.W.Va.1999) (holding that ALJ's finding that alcoholism is not in remission was supported by substantial evidence, and ultimately concluding the ALJ's denial of benefits was also supported by substantial evidence based on the record as a whole). Further, the *McCall* District Court pointed out:

> To make maters worse for the ALJ, the law provides little guidance as to how to analyze an alcoholic's credibility. The customary credibility analysis was con-

---

**2.** This finding by the Court precludes it from reaching the plaintiff's argument in her brief that "she meets the listing level severity of 20

C.F.R. 404 Subpart P, App. 1 section 12.04." Plaintiff's brief, at 13.

structed to evaluate the truthfulness of a claimant's statement that she does suffer from an impairment—usually pain. When the relevant statement is that of an alcoholic claiming he has stopped drinking, the analysis is turned on its head. Where the ALJ would ordinarily be evaluating an assertion that an impairment exists, he must now evaluate a denial that an impairment exists.

*Id.* at 730. In light of the state of the law and the facts which indicate plaintiff's alcoholism is not distinct from her disabilities, the Court finds there was substantial evidence for the ALJ's conclusion that the plaintiff's alcoholism was a contributing factor to any disability determination.

### C. Imprecise Hypothetical Question

In her brief, plaintiff claims the ALJ presented an imprecise hypothetical question to the VE and mistakenly relied upon the VE's response thereto. The plaintiff alleges the ALJ should have relied upon the question as supplemented by the restriction the plaintiff's attorney posed to the VE—that the plaintiff would

experience severe anxiety at least once a week, the occurrence of the panic attacks manifested by sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week and if we also incorporate the claimant's testimony that would last from a few minutes to the better part of a day or several hours....

Tr. 75; Plaintiff's Brief, at 7.[3] The plaintiff cites the reports of state disability examiners Carole Kazmierski, Ph.D., and John Garfield, Ph.D., as medical evidence that this limitation should necessarily have been included in the hypothetical question. The ALJ gave little weight to the opinions

of Garfield and Kazmierski, and the plaintiff argues the ALJ was mistaken.

The ALJ was not required to give great weight to the opinions of Kazmierski and Garfield. *See Oberst v. Shalala,* 2 F.3d, 249, 256 n. 7 (8th Cir.1993) (citing *McCoy v. Schweiker,* 683 F.2d 1138, 1147 n. 8 (8th Cir.1982)) ("[T]his Court has held that as a general rule little weight is afforded to ... reports of consulting physicians who examine the claimant only on one occasion"). Further, Kazmierski and Garfield merely checked a box which stated patient had recurrent severe panic attacks. Neither cited any supporting evidence for this conclusion. Tr. 100, 121; *see Bates v. Chater,* 54 F.3d 529, 532 (8th Cir.1995) (citing *Loving v. Dep't of Health & Human Serv.,* 16 F.3d 967, 971 (8th Cir.1994)) (one-time nontreating psychologist's evaluations given little weight when reports were conclusory and lacked supporting evidence). Additionally, it is worth noting that neither Kazmierski nor Garfield stated that the plaintiff was disabled as a result of panic attacks.[4] Therefore, the ALJ was justified in discounting the weight of these two opinions and in not considering the VE's response to the supplemental hypothetical question posed by the plaintiff.

Plaintiff also urges the Court to find the ALJ erred by not including in the hypothetical question a limitation regarding the concentration and memory of the plaintiff. The Court does not accept the plaintiff's argument. The ALJ had an opportunity to view the plaintiff first-hand, and found that she showed "quite a bit of memory and concentration" which was especially evidenced by the plaintiff's reading of and reference to a medical dictionary during the hearing. Tr. 73. In Berges' report, he specifically stated that

3. The VE stated that he assumed that by this limitation the attorney meant that the plaintiff "would not be capable of completing her work tasks for several minutes to a whole day once a week," and did state that if this assumption were true then the plaintiff would not be employable.

4. In fact, Kazmierski stated "[c]laimant can understand simple instructions and procedures and appears able to perform rote, repetitive activities in a setting where the work tempo is not fast-paced." Tr. 95. And Garfield stated in his notes that it was his "belief that she has moderate limitations but is not disabled."

"[h]er ability to carry out instructions and maintain attention, concentration, and pace appears to be intact." Tr. 257–58. Further, the ALJ's hypothetical question stated the limitations of no contact with the public, limited contact with co-workers, and a low stress job which rated as three on a ten point scale. These limitations incorporate the plaintiff's concentration and memory constraints in a practical manner. *See Roe v. Chater*, 92 F.3d 672, 676–77 (8th Cir.1996) (finding the hypothetical posed by the ALJ "capture[d] the concrete consequences" of the plaintiff's limitations despite not using the specific terms regarding the plaintiff's problems with "concentration, persistence, or pace").

### D. ALJ Bias

Plaintiff argues the ALJ prejudged her, and that the ALJ's "outbursts" at the hearing indicated that the ALJ had "already made up his mind and want[ed] to get the hearing over with." Plaintiff's Brief, at 10–12. In a relevant Eighth Circuit decision, the court was faced with a plaintiff with a similar allegation and it stated that "[i]f there was any bias shown by these remarks we think the ALJ corrected the problem by allowing a complete record to be made." *Isom v. Schweiker*, 711 F.2d 88, 90 (8th Cir.1983) (citing *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)) (stating that a presumption of honesty and integrity in adjudicators exists.). The ALJ's statements clearly indicates his impatience at the pace of the hearing and indicates a predisposition regarding the alcoholism issue. Nevertheless, the record in this case was complete, and therefore any prejudice the ALJ may have evidenced was corrected.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is supported by substantial evidence in the record as a whole and is therefore AFFIRMED.

IT IS SO ORDERED.